**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,**

v.

**SUBURBAN TRANSIT SYSTEM, INC., Respondent.**

No. 81 C 1905.

United States District Court,
N. D. Illinois, E. D.

Feb. 17, 1982.

John C. Hendrickson, EEOC, Chicago, Ill., for plaintiff. .

Jay C. Sheerin, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS OR FOR LEAVE TO FILE RESPONSIVE PLEADINGS, COUNTERCLAIM AND ANSWER TO COMPLAINT FOR ORDER TO SHOW CAUSE

JULIUS J. HOFFMAN, Senior District Judge.

This is an action brought pursuant to Section 710, Title VII the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e–9) (hereinafter referred to as "Title VII"), to enforce an administrative *subpoena duces tecum* issued by the applicant against the respondent in connection with an investigation. When the parties appeared before the court on June 10, 1981, for hearing on the issuance of an order to show cause why the subpoena should not be enforced, the respondent appeared and filed its "Motion to Dismiss or For Leave to File Responsive Pleadings." The hearing was suspended pending disposition of the issues raised on that motion.

The undisputed relevant facts in the case are as follows: The respondent was requested by the applicant to bring certain information to a fact-finding conference to

be held by the applicant on November 18, 1980, with respect to a charge of discrimination brought against the respondent. The charging party did not appear on that date, nor did the respondent bring the requested information. As a result, the conference did not proceed at that time. After the respondent had been requested, and again declined, to produce the requested information, the applicant sent a letter to the respondent stating that in the event the information was not received within 10 days, compulsory process would be instituted. The respondent in reply asked that the charge be dismissed because of the charging party's failure to attend the fact finding conference or, alternatively, that the applicant issue a subpoena compelling the charging party to appear at such a conference. The respondent did not produce the information as requested.

The applicant thereafter issued an administrative subpoena, pursuant to 42 U.S.C. § 2000e–8(a), and the respondent filed a petition to revoke or modify the subpoena, based upon the charging party's failure to appear at the November 18, 1980, conference. The petition to revoke was denied by the Acting Director of the Chicago District Office of the Commission, and this action was filed. After it was learned that the respondent had appealed the Acting Director's decision, this action was dismissed with leave to reinstate. It was subsequently reinstated after the appeal was denied by the full Commission in Washington, D. C.

The respondent has asked that this enforcement action be dismissed, or, alternatively, that it be allowed to file its answer and counterclaim, because of the applicant's alleged failure to comply with the appropriate administrative procedures under Title VII. Specifically, the respondent contends that the application does not set forth that the subpoena was issued pursuant to the provisions of Title VII and not for purposes of harassment. Additionally, the respondent argues that the applicant is not entitled to enforcement of its subpoena because it did not issue a subpoena at the respondent's request, as required by law. In its counterclaim, the respondent in substance seeks issuance of a writ of mandamus ordering the applicant to issue the requested subpoena, and has stated in its answer that it is willing to comply with the applicant's subpoena if the applicant in turn will issue the subpoena on behalf of the respondent.

■ The range of issues that can be litigated in an enforcement proceeding such as this is limited, and the scope of the district court's review is extremely narrow, because of the government's interest in conducting an expeditious investigation to carry out its mandated duties. *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *United States v. Anaconda Co.*, 445 F.Supp. 486 (D.D.C.1977). The court need ascertain only whether "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co., supra*, at 652, 70 S.Ct. at 368. In addition, the respondent may challenge an agency's exercise of its subpoena power on the ground that it is unreasonable, *i.e.*, unduly burdensome. *Oklahoma Press Publishing Co. v. Walling, supra*, at 208, 66 S.Ct. at 505.

The respondent has not contested the relevance of the information sought by the subpoena nor the scope of the investigation, and it does not contend that production of the information is unduly burdensome to it. Rather, the respondent argues that the applicant has not alleged the necessary elements to justify awarding the relief sought in the application for enforcement, and that the applicant is without authority because it has not completed its obligations under the applicable statute.

■ With respect to the first contention, the respondent has averred that the application before the court does not allege compliance with administrative procedures prescribed under Title VII, or that the investigation was conducted pursuant to Title VII and not for the purpose of harassment. The respondent, however, has provided no

evidence from which the court could infer that the subpoena was brought in bad faith or that it does not arise under Title VII and the rules and regulations promulgated thereunder. In a summary proceeding of this nature, the burden is on the party contesting enforcement to demonstrate that grounds for that challenge exist. *See* Menzines, B., *Administrative Law*, § 21.02[2] (1981). As a result, for purposes of this proceeding, the application is sufficient on its face.

■ The second objection raised by the respondent to the enforcement of the administrative subpoena is that the applicant refused to issue a subpoena at the respondent's request, in violation of 29 U.S.C. § 161, which was incorporated by 42 U.S.C. § 2000e–9. Regardless of the merits of the respondent's argument, which will be discussed later in this memorandum, the failure of the applicant to issue such a subpoena is unrelated to the respondent's obligations under an administrative subpoena. The respondent has not challenged the relevance of the subpoena or the authority of the agency to conduct the investigation pursuant to which the subpoena was issued. Indeed, the respondent has stated in its proposed answer that it will comply with the applicant's subpoena if its own request for a subpoena is honored.

Under 42 U.S.C. § 2000e–8, the Equal Employment Opportunity Commission has the authority to subpoena and copy any evidence in connection with the investigation of a charge of employment discrimination. The obligation of the respondent to comply with the administrative subpoena is not dependent upon any factors other than those due process considerations enunciated above. Because there has been no other challenge to the propriety of the subpoena, this court has no other alternative than to enforce it.

■ Subpoena enforcement proceedings are summary in nature. *Federal Trade Commission v. Texaco, Inc.*, 555 F.2d 862 (D.C.Cir.1977). The statute pursuant to which this action was brought, 29 U.S.C. § 161(2), specifically provides that enforce-

ment of an administrative subpoena is begun "upon application," not upon complaint. The respondent has had ample opportunity to raise any objections through its motion to dismiss. There is, therefore, no need for the filing of an "answer," and leave to do so is denied. *See Equal Employment Opportunity Commission v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir. 1981).

Of more concern to the court, however, is the respondent's request for leave to file a counterclaim. Although not articulated as such, the counterclaim is essentially a complaint for the issuance of a writ of mandamus directing the Commissioner to issue a subpoena on behalf of the respondent. This request is based upon 29 U.S.C. § 161, which states in part:

> "The [Commission], or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application."

The issuance of such a subpoena has been interpreted as a mandatory act not requiring the exercise of any discretion. *Lewis v. National Labor Relations Board*, 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958); *National Labor Relations Board v. Dahlstrom Metallic Door Co.*, 112 F.2d 756 (2nd Cir. 1940).

The applicant has declined to issue a subpoena requiring the charging party to appear at the fact-finding conference, based upon Regulation 29 C.F.R. § 1601.16(a), which provides in part:

> "Neither the person claiming to be aggrieved, the person filing the charge on behalf of such person, nor the respondent shall have the right to demand that a subpoena be issued."

The applicant contends that despite the language contained in 29 U.S.C. § 161, the legislative history of 42 U.S.C. § 2000e–9 and the nature of the Commission's investigatory function mandate that that portion of the regulation is an appropriate exercise

**534**

of its authority to establish procedural regulations. The applicant has also cited *Equal Employment. Opportunity Commission v. Goodyear Tire & Rubber Co., Inc.,* 22 E.P.D. ¶ 30,614 (N.D. Ohio 1979), which sustained the validity of the Commission's practice in the face of a challenge identical to that raised here.

Although the Equal Employment Opportunity Commission may not subvert the essential meaning of the statutes it is entrusted to administer, its interpretation of the most effective administration of Title VII is entitled to great deference. *Griggs v. Duke Power Co.,* 401 U.S. 424, 427, 91 S.Ct. 849, 851, 28 L.Ed.2d 158 (1971); *American Airlines v. Secretary of Labor,* 578 F.2d 38 (2nd Cir. 1978); *Bell v. Brown,* 557 F.2d 849 (D.C.Cir.1977). And administrative regulation will be overturned only if the party objecting to it demonstrates that the agency's interpretation is unreasonable and the application lacks a rational foundation. *Gulf Oil v. Hickel,* 435, 440 (D.C.Cir.1970).

■ The substance of the respondent's argument is that § 1601.16(a) is improper because it violates the literal language of 29 U.S.C. § 161, thereby denying the respondent a right to which it is entitled. Title VII was amended in 1972 to give the Commission the authority to conduct investigations of charges of employment discrimination and to enforce orders where it was determined that employment discrimination existed, 1972 *U.S.Code Cong. & Admin. News,* pp. 2137, 2138. In so doing, Congress intended to simplify investigations, rather than complicate them with protracted pleadings and motions, in order to remove burdens that had been placed upon both the federal courts and the parties. *Id.* at p. 2146.

■ To that end, the Commission may conduct a "fact-finding conference," which is an optional informal investigation by the Commission to assess the merits of a charge before commencing formal agency proceedings. 29 C.F.R. § 1601.15(c). In light of the informal nature of the conference, it is entirely reasonable for the Commission to determine that its function is best served by

issuing subpoenas solely on its own behalf, and not at the request of the charging party or the respondent. The validity of the Commission's determination has been upheld in at least one case. *See Equal Employment Opportunity Commission v. Goodyear Tire & Rubber Co., supra.* That decision reached the proper conclusion, and, accordingly, the respondent is denied leave to file its counterclaim.

The court observed earlier in this memorandum that the respondent raised no other objections to enforcement of the administrative proceeding. Since no questions of fact exist, no evidentiary hearing on the enforcement of the subpoena is required. *EEOC v. Bay Shipbuilding Corp., supra; EEOC v. Quick Shop Markets, Inc.,* 526 F.2d 802 (8th Cir. 1975).

For the reasons set forth in this memorandum:

IT IS HEREBY ORDERED that the respondent is to comply with the subpoena *duces tecum* (No. CH81–08) served upon it by the applicant on or before March 1, 1982;

IT IS FURTHER ORDERED that the respondent's motion to dismiss the application for the entry of an order to show cause why the subpoena should not be enforced is denied; and

IT IS FURTHER ORDERED that the respondent's motion for leave to file its answer and counterclaim is denied.