EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

ROADWAY EXPRESS, INC., Defendant-Appellant.

No. 84–5133.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 23, 1984.

Decided Dec. 13, 1984.

Jack D. Kopald, Laughlin, Halle, Clark, Gibson & McBride, Memphis, Tenn., Michael D. Cullins (argued), Akron, Ohio, for defendant-appellant.

Carolyn Howard, E.E.O.C., Memphis, Tenn., Irene L. Hill, Lorraine Davis, Stephen P. O'Rourke (argued), E.E.O.C., Washington, D.C., for plaintiff-appellee.

Before KEITH and MARTIN, Circuit Judges, and JOHNSTONE, District Judge.*

PER CURIAM.

Roadway Express, Inc., appeals from an order of the district court, 580 F.Supp. 1063, enforcing two administrative subpoenas issued by the Equal Employment Opportunity Commission. The enforcement of the subpoenas has been stayed pending appeal to this Court. The subpoenas seek information regarding Roadway's employment practices, particularly with respect to discipline and job standards.

The two subpoenas arise out of separate charges of discrimination. In one case, Joe M. Cooper, a dock checker at Roadway's Memphis terminal, claims he was discrimi-natively discharged because of race. Roadway maintains that Cooper was discharged for habitual absenteeism. In a second case, John F. Martin, a dispatcher at the Memphis relay terminal, also claims he was discharged because of his race. Roadway contends that Martin's firing was due to poor job performance.

Cooper and Martin filed charges against Roadway with the Equal Employment Opportunity Commission in June, 1982. The EEOC began investigating the claims later that year, and on March 18, 1983, the Commission issued the two subpoenas in question. Roadway sought administrative review of the subpoenas, which resulted in a slight modification to one. When Roadway continued to refuse to comply with the subpoenas, the Commission sought an order in district court enforcing the subpoenas. Following a lengthy hearing before Judge Odell Horton, the order was granted, and Roadway now appeals.

Roadway challenges the enforcement of the subpoenas on three grounds. First, with respect to the subpoena seeking information about Cooper's discharge, Roadway argues that Cooper's claim was not timely filed and thus cannot be the subject of a valid subpoena. Second, with respect to both subpoenas, Roadway contends that the subpoenas seek irrelevant information and are unenforceable to that extent. Finally, with respect to only the Cooper subpoena, Roadway claims that the subpoena seeks confidential information that is entitled to a qualified privilege.

Roadway's first argument is based on the fact that Cooper filed his charge with the EEOC 267 days after he was discharged. Under section 706(c) of the Civil Rights Act of 1964, 78 Stat. 241, 260 (codified as amended at 42 U.S.C. § 2000e-5(c)), no charge may be filed with the EEOC before the expiration of sixty days after proceedings have been commenced with a state agency unless the state proceedings have been earlier terminated. In Tennes-

* Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

see, the appropriate state agency is the Tennessee Human Development Commission. Section 706(e) of the Civil Right Act of 1964, 78 Stat. 241, 260 (codified as amended at 42 U.S.C. § 2000e–5(e)) requires an aggrieved person, who has initially filed charges with a state agency, to file a charge with the EEOC within three hundred days after the unlawful employment practice has occurred or within thirty days after receiving notice that the state agency has terminated its proceedings, whichever is earlier. In *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Supreme Court interpreted these sections together to require an aggrieved party to file his claim with the state agency within 240 days of the unlawful employment practice so that the state agency will have at least sixty days before the EEOC can consider the claim and so that the filing with the EEOC is within the 300-day limit. If the aggrieved party files his charge after 240 days, the only way the EEOC can consider the claim is for the state agency to terminate its proceedings and for the party to file a charge with the EEOC within thirty days.

Roadway argues in this case that Cooper never filed with the appropriate state agency or if he did file, the state proceedings were never terminated. The EEOC contends that Cooper filed his charge with EEOC and the state agency on the same day and that the state agency, pursuant to a work-sharing agreement with the EEOC, terminated its proceedings so that the EEOC could immediately consider Cooper's claim. As Cooper's claim was filed within the 300-day period, the EEOC argues that it was filed in a timely manner.

Although the EEOC contests Roadway's claim that Cooper's charge was not timely filed, it furthermore argues that a subpoena enforcement proceeding is not the proper forum to make a determination as to the EEOC's power to investigate a claim. The EEOC maintains that it has been given the power to determine whether to investigate a claim in the first instance, and that Roadway can challenge the timeliness of the charge if, and when, a suit is filed. The position taken by the EEOC was adopted by the court in *EEOC v. General Tire & Rubber Co.,* 22 Fair Empl.Prac.Cas. 579 (N.D.Ohio 1980). In that case, there was a factual dispute as to when the alleged unlawful employment practice had occurred. The EEOC found that the practice had occurred at a time when the employee's charge would be timely; General Tire argued that the act occurred earlier, making the charge untimely. The district court found that a subpoena enforcement proceeding was not the appropriate time to decide this factual dispute and enforced the subpoena. The district judge stated that the court will only examine a challenge to the timeliness of a charge in a subpoena enforcement proceeding if there is "a substantial question that the court's process will be abused by enforcement." *Id.* at 576 (quoting *EEOC v. South Carolina National Bank,* 562 F.2d 329, 332 (4th Cir.1977)).

■ We find the reasoning in *General Tire* to be persuasive. A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced. The proceeding is not the proper time to litigate the merits of a claim, either procedurally or substantively. A district court should only examine the substance of the EEOC's underlying claim if the opposing party can show that there is no factual or legal support for the agency's preliminary determination to investigate. *See General Tire & Rubber Co.,* 22 Fair Emp.Prac.Cas. at 576. That is not the case here, and we therefore affirm the district court as to this claim.[1]

1. Roadway's reliance on *EEOC v. K-Mart Corp.,* 694 F.2d 1055 (6th Cir.1982), is misplaced. In *K-Mart,* we stated that a "valid charge of discrimination is a jurisdictional prerequisite in subpoena enforcement proceedings." *Id.* at 1061. The facial validity of a charge is much different from a factual determination as to whether the charge was timely filed. The district court should examine a charge to make sure that it is facially valid, but it need not go beneath the face of the charge to make factual determinations as to timeliness.

Roadway next argues that the subpoenas are not addressed to information that is relevant to the two charged cases. In particular, Roadway claims that some of the information sought has no bearing on the immediate cases and is too general in its scope. Roadway is correct that the EEOC may subpoena only relevant information. *See* 42 U.S.C. § 2000e-8(a); *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1066 (6th Cir.1982). This relevancy limitation does not, however, force the EEOC only to review evidence concerning the specific charge. "[T]his Court has long held that 'evidence concerning employment practices other than those specifically charged by complainants' may be sought by an EEOC administrative subpoena in cases involving a complaint of discriminatory discharge." *EEOC v. Peterbilt Motors Co.*, 708 F.2d 723 (6th Cir.1982) (quoting *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355, 358 (6th Cir.1969)). Roadway's claim as to relevancy is therefore without merit.

Finally, Roadway argues that the confidentiality of its employers will be breached by it having to turn over certain information. The EEOC is under a statutory mandate to maintain the confidentiality of any information obtained by it in connection with an investigation. 42 U.S.C. § 2000e-8(e). This statute is sufficient protection for Roadway's employees and undercuts Roadway's argument.

Because we find Roadway's arguments to be without merit, the order of the district court enforcing the subpoenas is affirmed.