EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner,

v.

GLADIEUX REFINERY, INC., Respondent.

Civ. No. F 86–22.

United States District Court, N.D. Indiana, Fort Wayne Division.

March 3, 1986.

928

Barbara McAdam, Ellen K. Thomas, Laurie A. Young, E.E.O.C., Indianapolis, Ind., Johnny J. Butler, Philip B. Sklover, E.E.O.C., Washington, D.C., for petitioner.

John C. Theisen, Galluccci, Hopkins & Theisen, Fort Wayne, Ind., for respondent.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the Equal Employment Opportunity Commission's (EEOC or Commission) application for an order requiring respondent Gladieux Refinery, Inc. (Gladieux) to comply with a subpoena *duces tecum* issued by the EEOC pursuant to § 7(d) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(d), filed on December 6, 1985. A hearing was held on this matter on January 9, 1986. Respondent filed its brief in opposition to petitioner's application on January 6, 1986, and petitioner's reply memorandum was filed on January 16, 1986. Both parties have filed supporting affidavits.

Petitioner, in its reply brief, also seeks a determination that the two year statute of limitations that applies to Commission investigations be tolled from September 6, 1985, when the subpoena was first issued, until the time of compliance with the sub-

poena. For the following reasons, petitioner's application for the production of documents will be granted in part and denied in part and the statute of limitations applicable to the present action will be tolled until the documents are produced.

## Statement of the Facts

This application arises out of an administrative proceeding between the EEOC and Gladieux. The underlying proceeding involves a complaint to the EEOC by Virgil Reinig (Reinig) alleging that Gladieux engaged in an unfair labor practice by discriminating against Reinig and terminating his employment because of his age. The EEOC seeks to have an administrative subpoena enforced against Gladieux requiring the production of documents and information that pertains to the investigation of this alleged practice of employment discrimination.

The undisputed facts in this case are as follows. On June 29, 1984, Reinig filed a charge with the Fort Wayne Metropolitan Human Relations Commission against Gladieux, charging discrimination in employment due to age, pursuant to § 7(d) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(d). Reinig claims that he was forced to resign from his position as maintenance and construction superintendent on December 19, 1983 (Young's Affidavit, EEOC Brief in Support), so that Gladieux could give Reinig's position to a younger person.

On July 5, 1984, Reinig's charge was transferred to the EEOC (Ex. II, EEOC Brief in Support), and a letter of notice of filing was mailed to Gladieux on July 9, 1984 (Ex. II, EEOC Brief in Support). On July 23, 1984, Gladieux responded to the Notice of Charge indicating that the charging party was terminated for good cause (Ex. IV, EEOC Brief in Support).

On September 7, 1984, the EEOC mailed to Gladieux a Request for Information with a cover letter seeking a written position statement on each of the allegations of the charges, details of Reinig's termination, and information concerning the termination of comparable parties (Ex. V, VI, EEOC Brief in Support). The Commission gave Gladieux fifteen days to respond and also agreed to a requested fifteen day extension. On February 13, 1985, another request was mailed, seeking the requested information by February 25, 1985 (EEOC Brief in Support, Ex. VII).

In a telephone conversation held on May 9, 1985, Gladieux asserted that Reinig's charge was untimely since it was filed on the one hundred ninety-second day, well past the one hundred eighty day filing requirement that applies to an individual's claim. In a letter dated July 8, 1985, Gladieux confirmed this position (EEOC Brief in Support, Ex. VIII). Finally, on July 16, 1985, EEOC mailed yet another copy of the Request for Information along with notice that the Commission would proceed under their subpoena powers, if the information was not forthcoming (EEOC Brief in Support, Ex. IX).

On August 22, 1985, Gladieux mailed a cover letter and its Position Statement (EEOC Brief in Support, Ex. X, XI), but continued to decline to provide the documents, based on the assertion of an untimely filed charge. The EEOC responded by issuing an administrative subpoena to Gladieux, No. IN–85–014, for the production of documents specified in request of September 19, 1985. EEOC seeks information from January 1, 1982, to the present.

In a letter dated October 1, 1985, Gladieux indicated its intention to decline to supply the requested information (EEOC Brief in Support, Ex. XIII).

On December 6, 1985, EEOC applied to this court for judicial enforcement of a subpoena *duces tecum* brought pursuant to § 7(a) and (b) of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, §§ 9 and 11 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 209 and 211, and §§ 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50.

## Discussion

Gladieux asserts two reasons for denying the application. The first involves a claim

that the charge is untimely. Gladieux asserts that the one hundred eighty day limitation for filing an age discrimination action has passed and therefore the claim can never be the basis of a valid complaint. The second involves a claim of abuse of process [1] and defectiveness of the subpoena. Gladieux asserts that the subpoena is overly broad because it goes beyond requesting documents or tangible things and is also vague and confusing and should not be enforced. If the subpoena is enforced, however, Gladieux argues that the scope should be limited to inspection of business records and tangible documents. The court will consider each of these arguments in turn.

The power of the EEOC to issue subpoenas is set forth in § 626(a) and (b) of the Age Discrimination Act, 29 U.S.C. § 626(a) and (b):

(a) Attendance of witnesses; investigations, inspections, records, and homework regulations

The Equal Employment Opportunity Commission shall have the power to make investigations and require the keeping of records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 209 and 211 of this title.

(b) Enforcement; prohibition of age discrimination under fair labor standards; unpaid minimum wages and unpaid overtime compensation; liquidated damages; judicial relief; conciliation, conference, and persuasion

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Equal Employment Opportunity Commission shall attempt to eliminate the discriminatory practice or practices alleged, and effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

If a party refuses to obey a subpoena, the EEOC may apply for enforcement of the subpoena to the district court of the jurisdiction where the inquiry is being held or where the refusal occurred. 15 U.S.C. § 49. A district court's review of an EEOC subpoena is "extremely limited," "extremely narrow," and of "a summary nature." *EEOC v. Shell Oil Co.,* 466 U.S. 54, 104 S.Ct. 1621, 1632–33 n. 26, 80 L.Ed.2d 41 (1984). *See also EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 310 (7th Cir.1981); *EEOC v. Suburban Transit System, Inc.,* 538 F.Supp. 530, 532 (N.D.Ill.1982).

In *Shell Oil,* the Supreme Court stated that the appropriate standard for district court enforcement of a subpoena was that:

1. Gladieux protests the fact that to comply with the EEOC subpoena it must "produce and bring the documents described to Indianapolis a distance of 120 miles." (Gladieux Brief in Opposition, Ex. IV). At a hearing on this matter held on January 9, 1986, EEOC made it clear that personal delivery was not required and that mailing the requested documents to Indianapolis would comply with the subpoena.

The district court has a responsibility to satisfy itself that the charge is valid and that the material requested is "relevant" to the charges, ... and more generally to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose ... However, any effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error.

*Shell Oil*, 466 U.S. at 72 n. 26, 104 S.Ct. at 1632–33 n. 26 (citations omitted).

*The Administrative Subpoena is Timely*

Gladieux argues that the filing of the subpoena is time barred. This argument is based upon the rights and requirements of an individual bringing suit under the ADEA as set out in 29 U.S.C. §§ 626(c) and (d):

The statute provides in pertinent parts:
(c) Civil actions; persons aggrieved; jurisdiction; judicial relief; termination of individual action upon commencement of action by Commission; jury trial
(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.

.     .     .     .     .

(d) Filing of Charge with Commission; timeliness; conciliation, conference and persuasion
No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such charge shall be filed—
(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

■ Under §§ 626(c) and (d) it is clear that an individual must file a charge alleging unlawful discrimination within one hundred eighty days after the claimed unlawful practice occurred. The one hundred eighty day period is controlling in an individual filing since Indiana is not a deferral state for purposes of the ADEA. *Caldwell v. National Association of Home Builders,* 598 F.Supp. 371 (N.D.Ind.1984); *Keitz v. Lever Brothers Co.,* 563 F.Supp. 230, 234 (N.D.Ind.1983).

The untimeliness defense raised by Gladieux only applies in a lawsuit filed by an individual party. The EEOC agrees that an individual action by Reinig is time barred by the one hundred eighty day filing requirement. The present action, however, is a Commission investigation in an ADEA case and is unaffected by the one hundred eighty day filing requirement that applies to an individual action. *EEOC v. Roadway Express, Inc.,* 750 F.2d 40 (6th Cir.1984). The ADEA has granted the Commission the power to investigate a charge and determine its validity, 29 U.S.C. § 626(a), and the applicable statute of limitations for the filing of a charge on a Commission investigation is two years from the date of the underlying compliant. 29 U.S.C. § 255(a).

■ In *Roadway Express*, the court rejected the untimeliness defense in a Title VII suit, stating:

A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced. The proceeding is not the proper time to litigate the merits of a claim, either procedurally or substantively. A district court should only examine the substance of the EEOC's underlying claim if the opposing party can show that there is no factual or legal support for

the agency's preliminary determination to investigate.

*Roadway Express,* 750 F.2d at 42. While the subpoena enforcement stage is not the proper time to determine the merits of the claim, the district court must determine whether the information sought in the subpoena by the Commission is reasonable, relevant and not overly broad. *United States v. Morton Salt Co.,* 338 U.S. 632, 652–53, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946).

### Partial Enforcement of the EEOC's Subpoena

### I

Part of Gladieux's claim that the subpoena is overly broad is based on the Federal Rules of Civil Procedure (FRCP). Gladieux argues that Rule 81(a)(3) makes the Federal Rules of Civil Procedure applicable to an action to enforce a subpoena pursuant to 15 U.S.C. § 49. Therefore, under Rule 45 of the FRCP, the administrative subpoena power is limited to a request for documents or other tangible things.

Gladieux's reliance upon Rule 81(a)(3) and Rule 45 for the proposition that actions to enforce a subpoena are covered by the Federal Rules of Civil Procedure is misplaced. The Advisory Committee notes that accompany Rule 45 clearly state that "[t]his rule applies to subpoenas *ad testificandum* and *duces tecum* issued by the district courts for attendance at a hearing or a trial, or to take depositions. It does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes. ... Among such statutes are the following: ... U.S.C., Title 15, § 49 ...."

■ The Commission's investigatory power is not limited by the Federal Rules of Civil Procedure. Rather, 15 U.S.C. §§ 49 and 50 and 29 U.S.C. § 209 are the source of the Commission's investigative power, and the appropriate statutes for enforcement of the EEOC's subpoena.

Title 15, U.S.C., § 49 provides in pertinent parts:

[T]he Commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purposes of examination, and the right to copy any *documentary evidence* of any corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the *production of all such documentary evidence* relating to any matter under investigation.

.  .  .  .  .

The Commission may order testimony to be taken by deposition in any proceeding or investigation pending under said sections at any stage of such proceeding or investigation. Such depositions may be taken before any person designated by the Commission and having power to administer oaths.... Any person may be compelled to appear and depose and to produce documentary evidence in the same manner as witnesses may be compelled to appear and testify and *produce documentary evidence* in the same manner as witnesses may be compelled to appear and testify and produce documentary evidence before the Commission ... (Emphasis added.)

Title 29, U.S.C., § 211 provides in pertinent parts:

(a) The Administrator or his designated representative may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and *investigate* such *facts, conditions, practices, or matters* as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provi-

sions of this chapter .... (Emphasis added.)

## II

Generally, a court should order enforcement of an administrative agency's subpoena if three elements are present: "(1) the investigation is within the agency's authority, (2) the subpoena is not too indefinite, and (3) the information requested is reasonably relevant ...." *EEOC v. A.E. Staley Manufacturing Co.*, 711 F.2d 780, 783 (7th Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1907, 80 L.Ed.2d 456 (1984) (citations omitted). *See United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950).

Gladieux does not seriously contest the first element, and the court is convinced that the investigation for which the subpoena has issued is within the jurisdiction of the EEOC. The focus of the argument is therefore, whether or not the type of documents requested are improper and whether the subpoena is vague, confusing, and unreasonable.

As the Commission points out, the Seventh Circuit has ruled in *Motorola, Inc. v. McLain,* 484 F.2d 1339 (7th Cir.1983), as to the breadth of the Commission's investigative powers to obtain records and information.

> [A]ll records relating to that charge, the personnel records for the employees specifically named in that charge, and the address and telephone numbers of two other employees expressly named in the charge ... The other two items sought—the EEOC form regarding the make-up of the work force in petitioner's plant in Franklin Park (a Chicago suburb) and a tour of the Chicago plant—both fall well within EEOC's responsibilities and powers. A plant tour may be extremely significant and relevant.

*Id.* at 1346. In *Motorola,* the documents subpoenaed either existed at the time of the request or could be easily compiled.

Turning to the present case, Gladieux argues that the scope of the subpoena should be limited because the requested information is overly broad, burdensome and unreasonable. The Fair Labor Standards Act provides what type of records employers are required to keep.

> (c) Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

29 U.S.C. § 211(c). This section is concerned with the employer's duty to keep employment records of "wages, hours, and other conditions and practices of employment maintained by him." *Castillo v. Givens,* 704 F.2d 181, 195 (5th Cir.), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983). Under the *Motorola* standard an employer is not required to prepare and maintain broad policy statements that pertain to its philosophy of management. The EEOC's subpoena requests the following information:

(1) A written position statement addressing each allegation of the charge accompanied by evidence or explanation relevant to each issue of the charge.

(2) Provide a copy of your termination policy and procedures during 1983 for supervisory and managerial employees.

(3) Explain the disciplinary system used for supervisory and managerial employees within your company and explain whether it is a progressive system of discipline. Provide a copy of the written policy or a complete explanation of any unwritten practices. Also provide a table of penalties with a complete explanation of how and when penalties are imposed. Explain all discretionary penalties and identify, by name, position title and date

of birth, the person(s) with authority to determine which penalty shall be assessed.

(4) Submit copies of all records of disciplinary actions taken against Charging Party. If an action is not documented by a written record, summarize and give the reason for the unrecorded disciplinary action. In either case, include date of the action and identify the person responsible for the disciplinary action, by name, age and date of birth, and position held.

(5) If the Charging Party was discharged, submit the following: date of discharge; reason for discharge, with supporting documentation, if any; statements of whether Charging Party had any right of appeal; statement of whether Charging Party made use of any appeal rights; name, age and date of birth, and position held of person recommending Charging Party's discharge; name, age and date of birth, and position held of person making final decision to discharge Charging Party. Attach copy of any evaluation or investigation report relating to the discharge; name, age and date of birth of all witnesses to each event which contributed to the discharge; and copies of all documents in Charging Party's personnel file, including all evaluation, medical reports, letters, memorandums and notations.

(6) Submit a list of all supervisory and management employees discharged during the period from January 1, 1982 to present. Identify each by: name, date of birth and termination date, date of hire, date of discharge, details of the specific reasons for discharge for each employee, and provide the complete disciplinary record for each employee.

(7) Submit a copy of Charging Party's job description and a list of any performance standards which Charging Party was expected to meet. Explain how Charging Party's performance failed to meet job requirement or performance standards. Provide copies of any documentary evidence such as production or cost accounting reports to document the deficiency.

(8) Was Charging Party replaced? If so, give the name, date of birth, date of hire, and position titles of the person(s) performing Charging Party's duties. Append a copy of all documents in the person(s) personnel file(s).

(9) Provide a list of all supervisory management employees from January 1, 1982, to the present, i.e. Personnel Director, Foreman, Supervisors, Superintendents, etc., and identify by: name; date of hire; job title; and date of termination, if no longer employed by the company.

(Young's Exhibit, Ex. III, pp. 3–4).

■ The courts of the Seventh Circuit have uniformly found that administrative subpoenas may properly request lists, compilations and statements as well as business records and other documents. *Motorola, Inc. v. McLain*, 484 F.2d 1339 (7th Cir.1983); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313–15 (7th Cir.1981) (subpoena as enforced included lists with numerous items of identification requested); *EEOC v. Elrod*, 674 F.2d 601 (7th Cir.1982) (subpoena called for list of supervisors with job classifications and dates of supervision). An administrative subpoena will be enforced if the material subpoenaed "touches a matter under investigation," *Motorola*, 484 F.2d at 1345, and if "the inquiry may be relevant to [a legitimate] purpose," *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964).

Much of the information sought by the EEOC is relevant to the charge under investigation. Such information insofar as it exists, through payroll records or other records, is to be produced.

■ Demands numbered 1, 4, 5, 6, 8 and 9 of the subpoena are to be complied with

and the appropriate documents are to be produced to the extent that they exist.

Demand number 1 requests "a written position statement addressing each allegation of the charge ...". Since this demand touches directly upon the charge under investigation, it is reasonable to require Gladieux to prepare such a statement. Gladieux is not required to comply with the part of the request in number 4 that requires that unwritten disciplinary actions taken against Charging Party be summarized and the reasons given for the unrecorded disciplinary action.

Demands numbered 4, 5, 6, 8 and 9 request personnel information that would be routinely kept on the Charging Party and other supervisory management employees who may have been dismissed during the time period under investigation.

There are limits to what, in the name of reports, the Commission may demand. "The gist of the protection [due to respondent] is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable." *Morton Salt,* 338 U.S. at 652–53, 70 S.Ct. at 369.

Demands numbered 2, 3 and 7 are requests for statements describing the termination policy, explanation of the disciplinary system, and a description and list of any performance standards and failure to meet job requirements. These documents should be produced, if they exist.[2] However, it is unreasonable and burdensome for the Commission to require Gladieux to prepare numerous documents and explanations that currently are not in existence.

This document production requirement would go beyond the scope of a subpoena that other courts have enforced because it would require Gladieux to create and explain policies and procedures used in dealing with its employees.

■ The EEOC has the authority to require a company to compile information. *Bay Shipbuilding,* 668 F.2d at 313. But if a respondent lacks the information necessary to respond to part of a subpoena, "of course it would be excused *pro tanto.*" *Id.* at 313 citing *H. Kessler & Co. v. EEOC,* 53 F.R.D. 330, 336 (N.D.Ga.1971), *modified on other grounds,* 472 F.2d 1147 (5th Cir.), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 398 (1973).

■ Since Gladieux argues that the information required in demands numbered 2, 3 and 7 does not presently exist, it would be unreasonably burdensome to require compliance.

*Equity Requires the Tolling of the Statute of Limitations*

■ The EEOC requests that the statute of limitations for this action under the ADEA should be tolled from the period that the subpoena was issued, September 6, 1985, until the time of compliance with the subpoena. The applicable statute of limitations as contained in 29 U.S.C. § 255(a) provides:

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid over-

---

**2.** Nowhere in the cases cited by the EEOC does the case law indicate that the scope of the subpoena power extends to require the respondent to produce previously non-existent written position statements and explanations of the disciplinary systems used. The Commission cites *Elrod* as authority for the proposition that "administrative subpoenas may properly request lists, compilations and statements as well as business records and other documents." (Respondent's Reply Brief, p. 9).

In *Elrod,* the EEOC sought documentary information and testimony "concerning the basis for the Department's policy," *Elrod,* 674 F.2d at 613. The Seventh Circuit, however, did not consider the specific items of information

sought by the subpoena. This was due to the fact that "no challenge has been raised on appeal to the relevancy of specific items of the subpoenas. Our opinion only addresses the issue of a generalized challenge of overbreadth and lack of relevancy made against the subpoenas as a whole. The court on remand may consider whether specific items are relevant to the EEOC's particular investigatory purpose." *Elrod,* at 614.

In the present case the EEOC is asking for a general explanation of how Gladieux runs its business, rather than as in *Elrod,* asking for an explanation of a policy that only affected the charging party.

time compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.],

.    .    .    .    .

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, ...

In an appropriate case, a court might find that "some equitable consideration, such as estoppel, applies to prevent the defendant's asserting the statute of limitations" as a defense. *Marshall v. American Motors Corp.*, 475 F.Supp. 875, 884 (E.D.Minn.1979). This determination is to be made on a case-by-case basis. *Id.* The Seventh Circuit considered the purpose of the Age Discrimination in Employment Act indicating that "a construction ... which permits equitable tolling is consistent with the larger design and purpose of the Act." *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir.1978) (an action commenced after the one hundred eighty day notice requirement period of § 626 had expired was tolled for equitable reasons). In *EEOC v. City of Memphis, Tennessee*, 581 F.Supp. 179 (W.D.Tenn. 1983), a case much like the present case, the EEOC sought an equitable tolling of the two year statute of limitations under 29 U.S.C. § 255. The subpoena *duces tecum* served by the EEOC met all requisite criteria and since the defendant failed to support its conclusory assertion that the subpoena was defective, the statute was tolled. *Id.* at 182.

The question for purposes of tolling the time limitation is whether the facts if accepted as true, are sufficient to establish an equitable basis for tolling. *Id.* at 182. In the present case the EEOC attempted on five separate occasions to obtain Gladieux's voluntary cooperation in its investigation. (Bellinger's Affidavit, EEOC Reply Brief). The EEOC then issued a subpoena on September 6, 1985, and during the pendency of this action the two-year statute of limitations ran on December 19, 1985.

This court tolls the statute of limitations for the period of time between the issuance of the subpoena until the enforcement, since Gladieux does not have a valid basis for not complying with the subpoena. To find otherwise would allow a defendant to defeat a potentially meritorious action by refusing to comply with a valid subpoena.

### Conclusion

For the foregoing reasons, it is hereby ORDERED that the statute of limitations is equitably tolled from September 6, 1985, until the documents sought in the subpoena are made available to the EEOC and that the subpoena *duces tecum* be enforced as to demands numbered 1, 5, 6, 8, 9, and the first sentence of demand 4 as to the first part of the requested information. Gladieux has thirty (30) days from the entry of this order to produce the requested documents.