**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**ILLINOIS STATE BAR ASSOCIATION,**
Respondent.

No. 88 C 4070.

United States District Court,
N.D. Illinois, E.D.

April 13, 1989.

As Corrected May 26, 1989.

Joanne L. Levine, Chicago, Ill., for petitioner.

Stephanie W. Kanwit, Chicago, Ill., for respondent.

MEMORANDUM OPINION
AND ORDER

PARSONS, District Judge.

The Federal Trade Commission (FTC) (the Commission) petitioned the court pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C. section 49, for an order requiring the respondent, Illinois State Bar Association (ISBA) (the Association) to comply with a subpoena duces te-

cum issued by the Commission in connection with a law enforcement investigation presently being conducted by the Commission's Bureau of Competition. The ISBA is a voluntary bar association in which approximately 70% of the lawyers in Illinois hold membership. Sections 3, 6, and 9 of the FTC Act authorize the Commission to prosecute any inquiry necessary to its duties and to compile facts by compulsory process. In particular, section 9 empowers the Commission to issue subpoenas for both documentary evidence and the attendance and testimony of witnesses. Section 9 also authorizes the Commission to invoke the aid of the U.S. district courts in enforcing its subpoenas and confers jurisdiction on the district court wherever the inquiry is being carried on to order enforcement.

At the outset of this proceeding the court proposed setting the matter down for an evidentiary hearing regarding preliminary facts justifying FTC's investigation of and the reasonableness of its use of its subpoena power upon the Illinois Bar Association, after which the court could consider the Association's request to transfer this case to the Central District of Illinois in Springfield where its principal staff and records are located. However, before such hearing was held the parties proceeded to present their respective positions by affidavits and briefs, enabling the court to determine the threshold question on the written record before it, deferring if advisable the transfer request for the time being. In addition, it appears at this time that the Association has already made thousands of documents from its files available to the Commission and that the principal issue remaining between the parties is the Commission's request for production of the names and addresses of the members of the Association who had sought its advisements regarding advertising and who received in return the opinions which the Association is known to have issued and published.

It is this matter of having to virtually go public on some of its members concerning which the Association asks for this Court's protection. Specifically, the Bar Association gives as its reasons for not disclosing the names and addresses of the attorneys

who have sought its advice about the ethics of specific forms of advertising and solicitation: (1) that the communicating parties are protected by the attorney-client privilege; (2) that information as to who are the lawyers is not relevant to any purposes of the FTC's investigation; and (3) that the forcing of the Bar Association to divulge specific names of its members under these circumstances will have a chilling effect on future inquiries by lawyers into matters of ethics and ultimately on its success as a dependable servant of the best interests of its members. The third reason given is speculative and has been contradicted by the statements of several members of the Association, attorneys who were questioned by the FTC about their requesting advices from the Bar Association on this topic. According to the Commission these members stated that their appreciation for the Bar Association would not have been different had they know that their names would be given to the FTC by the Association. The first two reasons will be addressed briefly.

First, this court finds that the information sought by the FTC is not protected by the attorney-client privilege. Assuming that the Bar Association is the attorney and its members are its clients, and that the subject matter of their communications does not involve conduct that could be criminal, there is no reasoning that would support the use of the attorney-client privilege to preclude the mere disclosure by the attorney of the identity of his client. *See United States v. Tratner*, 511 F.2d 248, 251–253 (7th Cir.1975), and its thorough discussion of advice of the lawyer to the client that is not privileged.

Next the court finds that the information as to who are the attorneys who requested the advisories from the Bar Association is quite relevant to the investigation. It is logical that the opinion of a bar association on a question of professional ethics does not in and of itself reveal the entire story of what effect that opinion may have upon the ultimate conduct of the inquiring member, especially since the readiness of a particular member to follow that opinion may vary according to his own appraisal of the consequences of his following or not following the advice given. For the FTC to reach the full of the answer it is pursuing here obviously requires that it interview that member. In addition, it is possible that specific and condemnable intent on the part of the Association itself could be behind a published opinion. It obviously would be quite important to the FTC's investigation should it find by checking with the members who sought advise that some of the advisories issued by the Association were actually volunteered by the Association itself and were in fact not responses by the Association to requests from its members for advice. This would go directly to the motives of the Association itself (its officers and staff) the real subject of the investigation. *See N.L.R.B. v. Harvey*, 349 F.2d 900, 904–907 (4th Cir.1965).

Finally the court is of the opinion that the subject matter of the instant investigation of the FTC is within its congressional mandate, and that the court's authority must be made available in support of the Commission's process issued as herein accounted for in its investigation. The court finds that the information sought from the ISBA by the Commission is reasonably relevant to the subject matter of its investigation, is not privileged and is not calculated to be injurious to the best interests of the Association. *FTC v. TRW, Inc.*, 628 F.2d 207 (CA Dist. of C., 1980); *FTC v. Rockefeller*, 591 F.2d 182 (2nd Cir.1979); *EEOC v. Gladieux Refinery, Inc.*, 631 F.Supp. 927, 928 (N.D.Ind.1986).

Accordingly, it is ordered that the ISBA complete forthwith the full of its production to the FTC, of all information and documents requested by the FTC in its subpoena heretofore served upon the Association in this matter.