EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Applicant,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, Respondent.

No. CV–S–91–266–PMP (LRL).

United States District Court,
D. Nevada.

Aug. 1, 1991.

Richard R. Trujillo, Mary Jo O'Neill, Ellen Sue Katz, Phoenix, Ariz., for E.E.O.C.

Johnnie B. Rawlinson, Chief Deputy Dist. Atty., Las Vegas, Nev., for Las Vegas Metropolitan Police Dept.

## ORDER

LEAVITT, United States Magistrate Judge.

This subpoena enforcement action arises out of Applicant EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's (the "EEOC") investigation of an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9, by Respondent LAS VEGAS METROPOLITAN POLICE DEPARTMENT. The subpoena at issue was served on Respondent as part of the EEOC's investigation of a charge of race discrimination filed by Alexis Jackson. Jackson contends that he was subjected to discrimination by Respondent in connection with his treatment and eventual discharge as a probationary police officer and his subsequent reclassification as a correction officer. Before the Court is the EEOC's Application for Order to Show Cause why Subpoena should not be Enforced (# 1, filed April 12, 1991).

In April 1989, Jackson made a formal charge of discrimination against Respondent with the Nevada Equal Rights Commission. Also in April 1989, Jackson's charge was forwarded to the EEOC for

investigation. On July 20, 1990, the EEOC issued a subpoena *duces tecum* directing Respondent to produce certain documents for inspection. Respondent did not comply with the subpoena; instead, it filed a petition to revoke the subpoena with the EEOC. *See* Notice of Filing of Petition to Revoke the Administrative Subpoena (# 7). In this petition, Respondent argued that (1) the subpoena sought irrelevant information, and (2) Jackson failed to file a timely charge with the EEOC. On October 3, 1990, the EEOC denied Respondent's petition and directed it to produce the requested items. Again, however, Respondent failed to comply with the subpoena.

On April 12, 1991, the EEOC filed the instant Application for Order to Show Cause why Subpoena should not be Enforced (# 1). On May 10, 1991, Respondent filed its Response (# 3). In this response, Respondent argues that (1) the information sought in paragraph three of the subpoena is not reasonably related to the charge; (2) the subpoena demands information on personnel actions not contemplated in the charge; and (3) the subpoena demands information that does not exist in the form requested.

█ The scope of judicial inquiry into an EEOC subpoena is quite limited. *E.E.O.C. v. Children's Hosp. Medical Center of Northern California*, 719 F.2d 1426, 1428 (9th Cir.1983) (en banc). Generally, a subpoena will be enforced if (1) Congress has granted the EEOC the authority to conduct its investigation, (2) the EEOC has followed procedural requirements, and (3) the information sought is relevant and material to the investigation. *Id.*

Respondent does not dispute that the EEOC has the authority to investigate discrimination charges such as the one brought by Jackson. Nor does Respondent contend that the EEOC has not met the appropriate procedural requirements. Hence, the only issue that the Court must address is "whether the evidence is relevant and material to the investigation." [1] *Children's Hospital*, 719 F.2d at 1428.

█ Among other things, the subpoena seeks the personnel files and records relating to various employees of Respondent, including 15 named African–Americans. Respondents contend that this information is not relevant to Jackson's charge of race discrimination. The EEOC argues that the information is relevant for, among other things, comparative purposes. Although the EEOC may subpoena only that information which is relevant to the charge of discrimination, this limitation does not "force the EEOC only to review evidence concerning the specific charge." *E.E.O.C. v. Roadway Exp., Inc.*, 750 F.2d 40, 43 (6th Cir.1984). "Evidence concerning employment practices other than those specifically charged by complainants may be sought by an EEOC administrative subpoena in cases involving a complaint of discriminatory discharge." *Id* (internal quotations omitted); *see also Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir.1991) (noting that "[i]t is well-settled that information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim"). Furthermore, information which provides the EEOC with comparative data is relevant to its investigation. *See E.E.O.C. v. University of Pittsburgh*, 643 F.2d 983, 985 (3rd Cir.), *cert. denied*, 454 U.S. 880, 102 S.Ct. 362, 70 L.Ed.2d 190 (1981). Respondent's relevancy contentions must therefore fail. Accordingly, and good cause appearing,

IT IS HEREBY ORDERED that the EEOC's Application for Order to Show Cause why Subpoena should not be Enforced (# 1) is granted.

IT IS FURTHER ORDERED that Respondent shall, within 20 days of entry of

---

**1.** The Court will not address those issues raised in Respondent's Response to Application for Order to Show Cause Why Subpoena Should Not be Enforced that were not raised in its Petition to Revoke Subpoena Number PHX–90–40. *See Vargas v. U.S. Dept. of Immigration and Natu-* *ralization*, 831 F.2d 906, 907–08 (9th Cir.1987) (failure to raise an issue in an administrative appeal "constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter").

this order, fully comply with Subpoena No. PHX–90–40 (issued July 20, 1990).

FINALLY, IT IS ORDERED that each party shall bear its own costs in this matter.