**Gilbert H. DAUGHERITY,**
**Plaintiff–Appellant,**

**v.**

**TRAYLOR BROTHERS, INC.,**
**Defendant–Appellee.**

**No. 90–2096.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1991.

Decided Aug. 6, 1992.

John T. Gabrielides (argued), Laff, Whitesel, Conte & Saret, Chicago, Ill., for plaintiff-appellant.

Carl A. Heldt (argued), Lacey, Terrell, Annakin, Heldt & Baugh, Evansville, Ind., for defendant-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and WISDOM, Senior Circuit Judge.*

RIPPLE, Circuit Judge.

Gilbert Daugherity was laid off by Traylor Brothers, Inc. (Traylor) from his job as a carpenter tender. Believing that this adverse employment action was based on his age, Mr. Daugherity filed suit against Traylor under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The district court granted Traylor's motion for summary judgment on the ground that Mr. Daugherity failed to exhaust administrative remedies. For the following reasons, we affirm.

## I

## BACKGROUND

### A. *Facts*

On September 12, 1985, Traylor hired Mr. Daugherity as a carpenter tender for the construction of Lincoln High School in Vincennes, Indiana. Mr. Daugherity was one of two carpenter tenders assigned to a six-person work crew. At age 60, Mr. Daugherity was the oldest person in his work crew. Because Mr. Daugherity was a union member, the terms of his employment were those set forth in the union's contract with Traylor. On December 31, 1985, Traylor reduced its labor force at

Lincoln High School and laid off Mr. Daugherity. Traylor's superintendent for the Lincoln High School Project, Duard Grove, testified that Traylor laid off Mr. Daugherity and retained the other carpenter tender because Mr. Daugherity "was clearly the least productive of the two carpenters." R.12 at 1. However, Mr. Daugherity believed that he was laid off because he was the older of the two carpenter tenders. On January 6, 1986, Mr. Daugherity informed the union's business agent that he intended to file an age discrimination suit in federal court. On February 6, 1986, Mr. Daugherity filed a grievance against the two union members on the job site, the foreman and steward, who he believed failed to protect his rights under the union contract.

### B. *District Court Proceedings*

On February 28, 1986, Mr. Daugherity filed pro se a complaint against Traylor in the United States District Court for the Southern District of Indiana, Terre Haute Division. Mr. Daugherity alleged in his complaint that Traylor violated the ADEA by discharging him because of his age. On April 16, 1986, Traylor filed (1) an answer denying the substantive allegations of Mr. Daugherity's complaint and (2) a motion to transfer the case from the Terre Haute Division to the Evansville Division for the reason that Evansville was no less convenient than Terre Haute for Mr. Daugherity and much more convenient for Traylor, because Traylor has its corporate office and attorneys in Evansville.

On April 23, 1986, before the court ruled on the motion to transfer, Daugherity filed a motion for summary judgment, claiming that Traylor "fail[ed] to show any proper defense." In his supporting memorandum, Daugherity alleged that Traylor hired two general laborers after he was fired on December 30th, although he did not specifically allege that they were younger than he. Traylor responded with an affidavit from Daugherity's supervisor which claimed that

* The Honorable John Minor Wisdom, Senior Circuit Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

a general reduction in force was necessary and that Mr. Daugherity was fired because he was the less productive of the two carpenter tenders on the job site.

On June 13, 1986, Daugherity filed a "Motion for Hearing" in which he requested a hearing on his pending motions before the court. However, for the next two years and seven months, the case lay dormant in Terre Haute; there were no docket entries from June 13, 1986 to January 12, 1989. Finally, on January 12, 1989, the court granted Traylor's motion to transfer the case to the Evansville Division. Following a pre-trial conference, the Magistrate Judge in Evansville appointed counsel to represent Mr. Daugherity. On February 24, 1989, counsel entered an appearance on behalf of Mr. Daugherity. The case was set for trial and a pretrial preparation schedule was established.[1]

On October 18, 1989, Traylor filed a motion for leave to amend its answer to include an additional defense, which Traylor alleged had come to its attention only recently: that Mr. Daugherity failed to file a charge with the EEOC within 180 days of the layoff, as required by 29 U.S.C. § 626(d).[2] Mr. Daugherity objected to this amendment on the ground that more than three and one-half years had passed since

Traylor filed its original answer.[3] On November 22, 1989, the court granted Traylor's motion to amend its complaint.

One week later, Traylor filed a motion for summary judgment in which it argued that the court should grant summary judgment either because Mr. Daugherity failed to file the requisite administrative claims, or because there was no genuine issue of material fact and Mr. Daugherity's claim was meritless. Mr. Daugherity opposed the motion on the ground that he was unaware of the administrative filing requirement because Traylor failed to post a notice of his rights and the filing requirements under the ADEA. He asked the court to toll equitably the administrative notice requirement to allow him to file the requisite administrative claims. In support, Mr. Daugherity relied upon this court's decision in *Kephart v. Institute of Gas Technology,* 581 F.2d 1287 (7th Cir. 1978), and filed an affidavit in which he asserted that he "[did] not recall ever seeing a sign or any other notice informing him or his fellow workers about age discrimination claim procedures which must be followed." R.35 Ex.A. Mr. Daugherity did not respond to Traylor's challenge to the merits of his claim, nor did Mr. Daugherity seek a stay to allow further discovery.

1. In an order dated February 16, 1989, the parties were ordered to file all dispositive motions by June 1, 1989, and were to identify witnesses and exchange exhibits by the final pre-trial conference set for October 19, 1989. On March 10, 1989, the court issued an order denying Daugherity's earlier pro se motion for summary judgment, holding pro that the defendant had established that genuine issues of material fact existed in the case.

2. Section 626(d), in relevant part, provides:
    No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
    (1) within 180 days after the alleged unlawful practice occurred; or
    (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

In turn, § 633(b) provides that, in states that prohibit age discrimination in employment and have their own enforcement mechanism, a plaintiff must defer bringing suit under the ADEA until the expiration of sixty days after state proceedings have commenced. Indiana is not a "deferral state" for purposes of the ADEA. *See Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 541 (7th Cir.1988), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989); *EEOC v. Gladieux Refinery, Inc.,* 631 F.Supp. 927, 931 (N.D.Ind.1986). Thus, the 180-day period is applicable to Mr. Daugherity's claim.

3. Although Traylor referred to the non-exhaustion problem as a lack of subject matter jurisdiction, it is clear that, while failure to file the appropriate administrative claims is sufficient reason for dismissal, it is not a jurisdictional prerequisite. *See Kephart v. Institute of Gas Tech.,* 581 F.2d 1287, 1288–89 (7th Cir.1978); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

On April 23, 1990, the district court granted Traylor's motion for summary judgment. In an accompanying memorandum opinion, the court explained that it granted Traylor's motion because it did not find that Mr. Daugherity's affidavit was sufficient to create a genuine issue as to whether Traylor posted notice of age discrimination procedures. Absent a genuine issue as to notice, and absent any evidence that Mr. Daugherity filed an administrative claim, the court found that Mr. Daugherity had failed to exhaust the administrative remedy required by 29 U.S.C. § 626(d). The court did not address the merits of Mr. Daugherity's age discrimination claim. Following the entry of this judgment, Mr. Daugherity was once again without the assistance of counsel. Nevertheless, Mr. Daugherity filed pro se a timely notice of appeal. After preliminary consideration of the case on the submitted briefs, this court appointed counsel for Mr. Daugherity and set the case for hearing.

## II

## ANALYSIS

On appeal, Mr. Daugherity makes two challenges to the district court's decisions.[4] First, Mr. Daugherity contends that the court abused its discretion in allowing Traylor to amend its answer three and one-half years after it was filed originally. Second, Mr. Daugherity submits that the district court erred in refusing to find a genuine issue of material fact as to whether Traylor posted notice of procedures for age discrimination claims at the Lincoln High School job site. We also address the merits of Mr. Daugherity's claim in order to determine whether alternate grounds exist to support the district court's judgment.

4. Daugherity also lists the following three arguments in the introductory section of his brief: (1) whether a conflict of interest existed between Daugherity and his appointed counsel; (2) whether the district court judge "displayed bias and prejudice toward plaintiff;" and (3) whether the ADEA "applies equally to whites and blacks." As defendant correctly notes, none of these issues is developed or discussed in the body of Daugherity's brief. For this reason, the issues were not properly raised on appeal, and

## A. *Traylor's Motion to Amend its Answer*

### 1. Relevant standards

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by leave of the court, and such "leave shall be freely given when justice so requires." While this court has noted that "leave will generally be given," *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir.1990), we have also noted that leave to amend is " 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.' " *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992) (quoting *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991)). The assessment whether there is undue delay or undue prejudice, as well as the ultimate decision to grant or deny leave to amend, is within the district court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 801, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir.1991). We shall overturn the district court's judgment on this issue only if Mr. Daugherity establishes that the court abused its discretion.

### 2. Applied to this case

Mr. Daugherity argues that the district court abused its discretion when, despite Traylor's undue delay and the potential prejudice to Mr. Daugherity's claim, it granted Traylor's motion for leave to amend. Beginning with undue delay,[5] Mr.

we need not address them. *Anderson v. Gutschenritter*, 836 F.2d 346, 349 (7th Cir.1988).

5. Mr. Daugherity also frames the issue of undue delay as one of waiver. Mr. Daugherity argues that, because the issue whether a plaintiff failed to file an age discrimination charge with the EEOC is an affirmative defense, *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1058 n. 3 (D.C.Cir.1988); *Young v. National Center for Health Servs. Research*, 828 F.2d 235, 238 (4th

Daugherity argues that the three and one-half year delay between the filing of Traylor's original answer and the filing of Traylor's motion to amend is excessive and unexcused. While Traylor offered to "show to the Court that the grounds for said additional defense have only recently come to the attention of defense counsel," R. 25, no such showing was ever made to the district court. Mr. Daugherity also notes that Traylor employs an equal employment opportunity compliance officer who maintains records and correspondence regarding age discrimination claims made against Traylor. R. 31 at 3. With such awareness of EEOC requirements, Daugherity argues, it is unreasonable for Traylor to ask the court to believe that it took three and one-half years for it to discover the defense of exhaustion of remedies. In response, Traylor asserts, as it did before the district court, that it did not delay purposefully or in bad faith, but, rather, from the beginning it had simply overlooked Mr. Daugherity's failure to fulfill the exhaustion requirement. Traylor notes that, for more than two and one-half of the three and one-half years before the amendment, the case lay dormant in the Terre Haute Division pending a decision on Traylor's motion to transfer to the Evansville Division. The realities of litigation, Traylor suggests, caused the file to remain in a drawer while the parties awaited the court's ruling on the motion to transfer. Because the file was inactive, Traylor argues, there was no opportunity during this two and one-half year period for the exhaustion defense to present itself.

Upon review of the record, we cannot sustain the district court's summary disposition of this motion to amend. While, as a general rule, district courts should allow amendment quite freely, the circumstances surrounding this filing required a great deal more scrutiny than is revealed by the record. First of all, although nearly four years had passed since the alleged discrimi-

natory act occurred, none of this time can be attributed fairly to Daugherity. The case lingered for almost three years in the Terre Haute Division, apparently owing to the court's failure to act on the defendant's motion to have the case transferred to Evansville. (It must be remembered that, during that period, Mr. Daugherity's motion for summary judgment and "motion for hearing" were also pending.) Then, once the case was transferred, Traylor waited almost another year before raising the affirmative defense of exhaustion. Although Traylor alleges that it failed to raise this ground because it did not have information regarding Daugherity's failure to file, this allegation is unsupported and implausible. At the latest, Traylor was on notice approximately sixty days after firing Daugherity that he was bringing the age discrimination suit, and Daugherity's pro se complaint failed even to mention compliance with ADEA filing requirements. Moreover, this delay was prejudicial to Mr. Daugherity. While failure to file an initial complaint with the EEOC is not jurisdictional, failure to file certainly places a significant legal and pragmatic burden on the plaintiff. The district court, in considering the motion to amend, was aware of the nature of the proposed amendment and therefore of the unfavorable consequences to the plaintiff if the amendment was permitted. Under these circumstances, the admonition of our colleagues in the Second Circuit in *Strauss v. Douglas Aircraft,* 404 F.2d 1152, 1155 (2d Cir.1968), should have guided the district court's consideration of the matter:

It seems to require little argument that where the party seeking to amend wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did not carefully balance the effects of such action for it is manifest that risk of substantial prejudice increases in proportion to the length

Cir.1987); *Santos v. Alaska Bar Ass'n,* 618 F.2d 575, 576–77 (9th Cir.1980), and because affirmative defenses must be pleaded timely to avoid waiver, *Walsh v. Mellas,* 837 F.2d 789, 799 (7th Cir.), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2832,

100 L.Ed.2d 933 (1988), Traylor waived this defense. Because such an analysis involves the very same equitable calculus triggered by the assessment of undue delay under Rule 15(a), we address the issue as one of undue delay.

of defendant's delay in seeking the amendment.

In ruling on the motion, the district court chided Mr. Daugherity for not having filed "affidavits supporting how the plaintiff will be unable to produce evidence with regard to this issue because of the delay." R. 29 at 3. However, the prejudice was self-evident.[6] In any case, the matter was directly addressed by counsel.[7] The reason for the delay was perhaps better known to the court than to the parties. Accordingly, we believe that the district court should not have permitted Traylor to rely on Mr. Daugherity's failure to exhaust administrative remedies.[8]

### B. *The Merits of Mr. Daugherity's Claim*

■ Traylor argued in its motion for summary judgment that, independent of procedural reasons, the district court should grant summary judgment on the merits: "The evidence does not support the Plaintiff's claim that he is entitled to relief under the Age Discrimination in Employment Act." R. 31. Mr. Daugherity did not

respond to this argument in his brief in opposition to the motion for summary judgment. Mr. Daugherity also did not ask the district court for any additional time to conduct further discovery. Although the district court did not address the merits of Mr. Daugherity's claim in its memorandum opinion, Traylor urges this court to look to the merits as an alternative basis for affirming the district court. This court can affirm on any ground that is supported by the record, *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 686 n. 1 (7th Cir.1991). While prudence might dictate that, on a more complicated record, we first obtain the views of the district court, this matter is sufficiently straightforward to permit resolution here at this point. Accordingly, we believe it appropriate to reach the merits. *See Box v. A & P Tea Co.*, 772 F.2d 1372 (7th Cir.1985), *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). Any other course "would simply multiply proceedings in district courts and appeals to courts of appeals." *Martinez v. United Auto., Aerospace & Agr. Implement*

6. Both parties agree that the time period was triggered when Mr. Daugherity was terminated on December 31, 1985. Thus, Mr. Daugherity had until June 29, 1986 to file a claim with the EEOC. Acting pro se, Mr. Daugherity filed suit against Traylor on February 28, 1986. On April 16, when Traylor filed its original answer, seventy-four days remained within which Mr. Daugherity could have filed his EEOC claim. By the time the case was transferred and counsel was appointed to represent Mr. Daugherity on February 24, 1989, the filing deadline had passed. Eight months later, on October 18, Traylor sought leave to amend its answer.

7. The Plaintiff, Gilbert Daugherity, by counsel, objects to the Defendant being permitted the opportunity to file an additional defense to Plaintiff's Complaint herein.

This action was originally filed on February 28, 1986. Counsel for the Defendant answered Plaintiff's Complaint on April 16, 1986. The issues in this case have been closed for over three (3) years. The Plaintiff will be unduly prejudiced if the Court grants Defendant's Motion permitting [Defendant] to file an additional Affirmative Defense at this late date. Defendant has waived its opportunity to file an Affirmative Defense.

R. 26.

8. After Mr. Daugherity failed to prevail on the amendment of the complaint, he resisted the imposition of summary judgment by contending

that Traylor was estopped from asserting his failure to exhaust administrative remedies. In his view, such an estoppel arose from the alleged failure of Traylor to post a notice of discrimination claims, as required by 29 U.S.C. § 627, at the job site. He submits that there is a genuine issue of material fact as to whether such notice was posted. Because we believe the district court erred in granting leave to amend, this issue need not detain us long. We only note that, although Traylor's failure to post the notice could suffice to toll equitably the starting of the 180-day period until February 24, 1989, when the district court appointed counsel to represent Mr. Daugherity, it would not save Mr. Daugherity's claim: Mr. Daugherity failed to file with the EEOC within 180 days following the appointment of counsel. *See Schroeder v. Copley Newspaper*, 879 F.2d 266, 271 (7th Cir.1989); *Posey v. Skyline Corp.*, 702 F.2d 102, 104–06 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Kephart v. Institute of Gas Tech.*, 581 F.2d 1287, 1289 (7th Cir.1978). Nor do we believe that his affidavit, which alleged that, while employed with Traylor at the Lincoln High School job site, he did not recall seeing any notice regarding age discrimination claim procedures, would be sufficient to avoid summary judgment in favor of Traylor. *See Posey*, 702 F.2d at 105–06.

*Workers of Am., Local 1373,* 772 F.2d 348, 353 (7th Cir.1985).

In *Williams v. Williams Electric, Inc.,* 856 F.2d 920, 922–23 (7th Cir.1988) (footnotes omitted), Judge Coffey stated the methodology for dealing with discrimination cases in the context of summary judgment:

> Initially, "the [employee] has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). In the case of a reduction in force, a prima facie case is established with a "showing that [the employee] was within the protected [class], that [the employee] was performing according to his employer's legitimate expectations, that [the employee] was terminated, and that others not in the protected class were treated more favorably." Once a prima facie case has been demonstrated to the satisfaction of the court, "the burden shifts to the [employer] 'to articulate some legitimate nondiscriminatory reason'" for its action. This burden is only one of production, as the "ultimate burden of persuading the trier of fact that the [employer] intentionally discriminated against the [employee] remains at all times with the [employee]." *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093. If the employer carries its burden of production, the employee has "an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973)).

In support of his prima facie case, Mr. Daugherity offered evidence to the district court that he was 60 years old—therefore within the protected class—and that he was terminated. Mr. Daugherity also asserted that he was the oldest laborer in his work group, including the carpenter tender who was retained at the time he was laid off. In response, Traylor offered the affidavit of the job site superintendent, Duard Grove, who asserted that the decision to lay off Mr. Daugherity was part of a reduction in force, and that the determinative factor in the decision to lay off Mr. Daugherity was that Mr. Daugherity "was clearly the least productive of the two carpenter tenders." R. 12. Mr. Daugherity produced little or no evidence that he was performing according to Traylor's legitimate expectations.

Nevertheless, assuming for the sake of argument that Mr. Daugherity's evidence established a prima facie case of discrimination, Traylor's evidence that Mr. Daugherity was clearly the less productive of the two carpenter tenders and that there was a need to reduce its work force constitutes an adequate business justification to return the ball to Mr. Daugherity's court. Mr. Daugherity would then need to establish that the legitimate reasons offered by Traylor were not its true reasons, but were a pretext for discrimination. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093. When Mr. Daugherity was asked at deposition what reason he had to believe that Traylor discriminated against him, he offered little evidence of pretext:

Q Now, you've alleged in your complaint and the basis of your complaint is that Traylor Brothers laid you off because of your age?

A Right.

Q What evidence do you have that Traylor Brothers laid you off because of your age?

A I was the first man on the job and the first laborer to leave.

Q Do you have any other evidence, other than that, that the reason they laid you off was because of your age?

A No. I have no other reason.

R. 32 Ex.B. Furthermore, Mr. Daugherity himself eliminated the possibility that his seniority rights were violated by the layoff:

Q Do you know whether that union contract provides for any seniority rights as far as that Traylor Brothers has to lay off according to seniority?

A We don't have seniority.

Q  So, there's no seniority rights as far as employment is concerned, is there?

A  No.

*Id.* at 2–3.  Mr. Daugherity did not file any affidavits or other evidence to rebut Traylor's evidence that Mr. Daugherity was the less productive of the two carpenter tenders and that his layoff was part of a reduction in force.[9]  In light of his failure of proof, this court must conclude that Mr. Daugherity failed to create a genuine issue of fact whether Traylor's business justification was a pretext for age discrimination.

### Conclusion

For the foregoing reasons, the judgment of the district court in favor of Traylor is affirmed.

AFFIRMED.

9. We note that, in his original verified complaint, Mr. Daugherity alleged that the steward told him, at the time of his discharge, "We decided that you would rather be off in the cold weather."  R. 3 at 1.  While we might consider Mr. Daugherity's verified complaint to be the functional equivalent of an affidavit for purposes of summary judgment, *see Williams v. Adams,* 935 F.2d 960, 961 (8th Cir.1991); *Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir.1991), Mr. Daugherity—who was represented by counsel at the time—never directed the court's attention to it or any other document in response to Traylor's motion for summary judgment.  This failure not only left the statement outside the realm of relevant evidence on summary judgment, it violated both Federal Rule of Civil Procedure 56(e), *see* Fed.R.Civ.P. 56(e) ("[T]he adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth* specific facts showing that there is a genuine issue for trial.")  (emphasis added); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts show-

ing that there is a genuine issue for trial.'") (emphasis added), and Federal Local Court Rule 11, which required Mr. Daugherity, as the nonmoving party, to file a concise "statement of genuine issues" in response to Traylor's statement of material facts.  Either rule violation could support summary judgment.  *See* Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); Federal Local Court Rule 11 ("[T]he court will assume that the facts as claimed by the moving party are admitted to exist without controversy, except as and to the extent that such facts are actually in good faith controverted in the 'statement of genuine issues' filed in opposition to the motion, as supported by the depositions, answers to interrogatories, admissions, and affidavits on file.").  However, even if the court could consider the alleged statement on summary judgment, it was implicitly contradicted by Mr. Daugherity in his deposition testimony:  when asked if he had any evidence of discrimination other than the fact that he was the first person on the job, the oldest person on the job, and the first person to leave, Mr. Daugherity responded "No."  R. 32 at 3.