989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. TAYLOR, Plaintiff-Appellant,
v.
Paul J. KLINCAR, Mike Krolikiewicz and Illinois Prisoner
Review Board, Defendants-Appellees.
 No. 91-3651.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 8, 1993.
 
 Before COFFEY, FLAUM, and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James E. Taylor appeals from the district court's entry of summary judgment dismissing his civil rights action against Paul Klincar, former Chairman of the Illinois Prisoner Review Board, Mike Krolikiewicz, former Record Unit Supervisor at the Stateville Correctional Center, and the Illinois Prisoner Review Board.
 
 I.
 
 2
 In 1976, Taylor began serving a sentence of 100-200 years for murder and an additional sentence of 6-20 years for kidnapping. Taylor became eligible for parole for the first time in 1984. The Illinois Prisoner Review Board ("Board") has denied him parole every time it has reviewed his case. R.Doc. 43, exhibits. Believing that his master file contained erroneous information and that the Board was relying on it in its parole decisions, Taylor requested from Krolikiewicz that he be allowed access to his master file. Taylor was told that it was confidential and not subject to his review. Id., ex. A. When the Board denied him parole in 1988, it erroneously stated that he had a criminal history prior to his convictions for murder and kidnapping and that the woman who he kidnapped was a witness to the murder.
 
 
 3
 Taylor sued under 42 U.S.C. § 1983. His second amended complaint alleged that he was deprived of due process because he was denied access to his master file and institutional files, and because the Board relied on erroneous information in reaching its decision in 1988. Taylor sought declaratory, monetary, and injunctive relief against the Board[1] and against Klincar and Krolikiewicz in their individual capacities. Id. During the proceedings before the district court, Taylor served a set of interrogatories and a request for production of documents. These were followed by several motions to compel discovery, all of which the district court denied. The defendants filed a motion for summary judgment. Taylor filed a response, which he later supplemented with his own affidavits. He also filed a cross-motion for summary judgment. R.Doc. 64. The district court granted the defendants' motion for summary judgment and denied Taylor's cross-motion. Taylor now appeals.[2]
 
 II.
 
 4
 Taylor raises two issues: the district court's granting of summary judgment in favor of the defendants on his second amended complaint and the court's denial of his efforts to compel discovery.
 
 A. Summary Judgment
 
 5
 The district court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party gambles if he or she does not actively oppose summary judgment. According to Rule 56(e),
 
 
 6
 [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 7
 See also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Our review of the district court's decision to grant summary judgment is de novo. Panozzo v. Rhoads, 905 F.2d 135, 137 (7th Cir.1990).
 
 
 8
 Taylor argues that summary judgment in favor of the defendants was improper because there is a genuine issue of material fact as to why the Board denied him parole in 1988.
 
 
 9
 The Board's rationale for denying Taylor parole in 1988 stated in part:
 
 
 10
 Presently [Taylor] is serving 100-200 years for murder and 6-20 years for kidnapping, sentences to run consecutively. The instant crime occurred when the defendant killed a State Trooper performing his duties and kidnapped a young woman who was witness to the above. A previous criminal record exists.
 
 
 11
 * * *
 
 
 12
 After deliberation of the above the Board denies parole due to the brutal and senseless nature of the crime. To grant parole at this time would deprecate the seriousness of the crime and promote disrespect for the law.
 
 
 13
 R.Doc. 43 (see exhibits). Klincar's affidavit acknowledged certain inaccuracies in the first paragraph quoted above, but stated that
 
 
 14
 [a]lthough the Board was in error in stating in its rationale that there was a witness to the offense for which James E. Taylor was convicted and that James E. Taylor had a previous criminal record, these errors had no hearing [sic] on the decision. The error was unintended and immaterial to the Board's opinion that the offense was serious in nature.
 
 
 15
 R.Doc. 79.
 
 
 16
 The parties agree that the rationale contained certain errors. The question is whether those errors affected the Board's decision. See Walker, 769 F.2d at 399 (noting that our review is limited to facts that constitute significant factors in the Board's decision). Klincar's affidavit states that the errors were immaterial. At this point, Taylor was required to "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). Taylor did file an affidavit stating that the errors in the rationale "were material and highly prejudicial to affiant's right to a fairand [sic] impartial parole board hearing." R.Doc. 82. Taylor then cites the Board's rationales for the denial of parole in 1987 and 1988, but neither rationale supports this blanket assertion of materiality and prejudice. The purpose of Rule 56(e) "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). Taylor's mere generalized assertion that the errors in the 1988 rationale were material and highly prejudicial is insufficient to defeat the defendants' motion for summary judgment. We will not look beyond the evidence submitted in response to the motion for summary judgment; that is, we will not search the record for evidence that might require submission of the case to the jury. Daugherity v. Traylor Bros., Inc., 970 F.2d 348, 355 n. 9 (7th Cir.1992); Thomas v. The Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 104-25 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Thus, the errors in the rationale for denying Taylor parole in 1988 do not raise a genuine issue of material fact.
 
 
 17
 Furthermore, there is no genuine issue of material fact as to whether the Board read or considered Taylor's master file in making its decision. All the evidence indicates that it did not. R.Docs. 63, ex. D (Krolikiewicz' affidavit) & 79 (Klincar's affidavit). Indeed, not even Taylor in his affidavits claims that the Board considered his master file in making its decision. See R.Docs. 76 & 82.
 
 
 18
 We must now determine whether the defendants were entitled to judgment as a matter of law. Taylor notes that in preparation for a parole hearing, "[a] parole candidate shall have access to all documents which the Board considers in denying parole." 20 Ill.Admin.Code § 1610.40(c) (1985). The regulations have since been amended, but the inmate's rights remain substantially the same. Under the current regulations, "[t]he inmate shall have access to all evidence considered by the Board," with certain exceptions not relevant here. 20 Ill.Admin.Code § 1610.30(b)(1) (1992). No statute or regulation cited to us requires that a parole candidate be allowed access to his master file.[3] On the contrary, the rules of the Department of Corrections expressly forbid inmates from having access to their master files. 20 Ill.Admin.Code § 107.310(a) (1992). Thus, denying Taylor access to his master file did not deprive Taylor of any state-created expectancy in seeing his master file such as to deny him due process. United States ex rel. Scott v. Illinois Parole and Pardon Board, 669 F.2d 1185, 1190 (7th Cir.) (per curiam), cert. denied, 459 U.S. 1048 (1982). The defendants were entitled to judgment as a matter of law.
 
 B. Denial of Discovery
 
 19
 Taylor argues that the district court erred by not granting his motions to compel discovery. We review discovery orders for abuse of discretion. Ross v. Black & Decker, Inc., 977 F.2d 1178, 1185 (7th Cir.), petition for cert. filed, 61 U.S.L.W. 3481 (U.S. Dec. 23, 1992) (No. 92-1082).
 
 
 20
 In this case, Taylor claims that the district court abused its discretion because it erroneously concluded that he failed to abide by General Rule 12(k), a local rule of the Northern District of Illinois that requires the parties to make a good faith effort to resolve discovery disputes informally outside of court without judicial involvement. See R.Doc. 30. Taylor cites his alleged efforts to comply with General Rule 12(k), yet these involve more attempts to compel discovery by securing a judicial order. The district court did not err in denying Taylor's motions to compel discovery.
 
 III.
 
 21
 For the foregoing reasons, the decision of the district court granting summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Insofar as Taylor seeks damages from the Board or its members in their official capacities, his suit is barred by the Eleventh Amendment. Walker v. Prisoner Review Board, 769 F.2d 396, 399 (7th Cir.1985), cert. denied, 474 U.S. 1065 (1986)
 
 
 [2]
 Taylor also claims to appeal from the district court's entry of summary judgment on his third amended complaint, which the district court allowed him to file after entering summary judgment on his second amended complaint. However, Taylor presents no arguments on appeal regarding the issues raised therein, namely, the alleged wrongful denial of certain institutional job assignments and transfer to a medium or minimum security prison. See R.Doc. 76. Thus, we will not consider the court's order granting summary judgment on Taylor's third amended complaint
 
 
 [3]
 Although Taylor states in his affidavit that the Board is supposed to take into consideration the master file, none of the laws or regulations that he cites support this position. Ill.Rev.Stat. ch. 38, p 1003-3-4(c) did at one time provide that the Board should have access to the master file but did not mandate that the Board consider it. Moreover, as noted previously, the evidence is uncontradicted that the Board did not consider the master file in making its decision to deny Taylor parole