**In re Donald SMITH, Debtor.**

**Mariann POGGE, Trustee, Plaintiff,**

v.

**Robert POWERS, Mark Estrop, David Estrop, et al., Defendants.**

**Bankruptcy No. 01–72622.
Adversary No. 02–7163.**

United States Bankruptcy Court,
C.D. Illinois.

Dec. 11, 2003.

Mariann Pogge, Springfield, IL, for trustee.

John S. Narmont, Springfield, IL, for debtor.

James W. Bruner, Elizabeth L. Collins, Bernard G. Segatto, John L. Swartz, Springfield, IL, for creditors.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Trustee may avoid the landlord liens of the Defendants, all of whom leased farmland to the Debtor on a crop share agreement.

The material facts are not in dispute. The Debtor, Donald Smith, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on July 2, 2001. The Debtor was a farmer who grew crops on land owned by others. At the time of filing, the Debtor had growing crops on land leased from one of the Defendants, Robert Powers, on a 50/50 crop share basis. The Trustee hired

Greg Leach to harvest all of the growing crops, and Mr. Leach delivered the crops to the Ramsey grain elevator. Ramsey paid the Trustee for the Debtor's one-half of the crops; Ramsey paid Mr. Powers directly the sum of $1,641.73 for the landlord's share of the crops.

At the time of filing, the Debtor also had crops growing on land leased from another Defendant, David Estrop, on a 50/50 crop share basis. Mr. Leach harvested the crops for the Trustee and delivered them to the Ramsey grain elevator. Ramsey paid the Trustee for the Debtor's one-half of the crops; Ramsey paid David Estrop directly the sum of $1,809.83 for the landlord's share of the crops.

The Debtor also had crops growing at the time of filing on land leased from another Defendant, Mark Estrop, on a 50/50 crop share basis. Mr. Leach harvested the crops for the Trustee and delivered the crops to the Ramsey grain elevator. Ramsey paid the Trustee for the Debtor's one-half of the crops; Ramsey paid Mark Estrop directly the sum of $1,809.83 for the landlord's share of the crops.

None of the landlords had written security agreements granting them independent, consensual landlords' liens in the Debtor's crops. Therefore, their only liens are the Illinois statutory landlords' liens.

The Trustee has filed this adversary complaint for the purpose of setting aside the landlords' liens and recovering the post-petition transfers of crops. The Trustee relies on three theories to support her position. First, she argues that the landlords failed to perfect their crop liens under the Illinois Commercial Code, and therefore she may avoid the liens pursuant to her status as a hypothetical lien creditor under 11 U.S.C. § 544. Second, she argues that she may avoid the transfers under 11 U.S.C. § 549 as unauthorized post-petition transfers. Third, she argues that she may avoid the landlords' statutory lien for rent under 11 U.S.C. § 545(3) and (4).

The Court will start with the Trustee's claim under 11 U.S.C. § 545(3) and (4), which provide as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien-
>
> . . . . .
>
> (3) is for rent; or
>
> (4) is a lien of distress for rent.

The Bankruptcy Code defines a "statutory lien" as a

> lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(53).

Illinois law provides a landlord with a statutory lien on a tenant's crops for the payment of rent:

> Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful performance of the terms of the lease.

735 ILCS 5/9–316.

■ The Illinois statutory landlord lien provision of 735 ILCS 5/9–316 clearly falls within the definition of a statutory lien set forth in 11 U.S.C. § 101(53). Therefore, it may be avoided by a trustee in bankruptcy pursuant to 11 U.S.C. § 545. *In re Marshall*, 239 B.R. 193, 196 (Bankr.S.D.Ill. 1999); *In re Hilligoss*, 69 B.R. 781, 782

(Bankr.C.D.Ill.1986), *aff'd* 849 F.2d 280 (7th Cir.1988).

■ The Defendants concede that the Trustee has the authority to avoid their liens under 11 U.S.C. § 545. However, they argue that the Trustee should be barred from asserting a claim under § 545 because she did not include counts under § 545 in her original complaint. The counts under § 545 were added in April, 2003, eight months after the original adversary complaint was filed. The § 545 counts were added after the pretrial in March, 2003. The Trustee included the § 545 counts in her Motion for Summary Judgment.

■ Federal Rule of Bankruptcy Procedure 7015, which incorporates by reference Federal Rule of Civil Procedure 15(a), provides in relevant part as follows:

A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, a party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Bankr.P. 7015(a). This rule gives judges broad discretion to grant or deny motions to amend. *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 391 (7th Cir.1989). The Seventh Circuit follows a liberal policy of allowing amendments to pleadings in order that cases may be decided on the merits. *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). The United States Supreme Court has set forth the following guidelines for determining whether to allow an amendment:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should as the rules require, be "freely given".

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir.1992).

The Defendants' estoppel argument is not persuasive. The amended counts under § 545 merely set forth a new theory of recovery. The underlying facts are the same as those set forth in the original complaint. The § 545 counts are not barred by a statute of limitations or a jurisdictional bar. This is the Trustee's first and only attempt to amend her original complaint. The only prejudice to the Defendants is the conceded fact that the amended counts are meritorious. This alone is not a persuasive reason for denying the Trustee's Motion to Add Additional Counts. The Trustee's Motion should be allowed. *See In re Bennett Funding Group, Inc.*, 220 B.R. 743 (Bankr.S.D.N.Y. 1997) (fraudulent transfer avoidance complaint filed by trustee deemed amended in order to conform to matters asserted by trustee in motion for summary judgment).

The avoidance of the landlords' liens does not necessarily mean that the Defendants' claims are relegated to the status of general, unsecured claims. As this Court observed in *Hilligoss*:

At the time the debtors filed their Chapter 7 petition, there were growing crops on the premises. The Trustee did not surrender the premises to the landlord, but instead retained possession and made arrangements to harvest the

crops, in order to preserve and marshal the assets of the estate. These actions would amount to an assumption of an unexpired lease by the Trustee under the terms of 11 U.S.C. § 365. When a Trustee assumes an unexpired lease, the debtor's estate becomes liable for the full rent accruing under the terms of the lease. *Matter of Braniff Airways, Inc.,* 783 F.2d 1283, 1285 (5th Cir.1986). Further, the rent provided for in the lease may well be a cost of administration under 11 U.S.C. § 503(b)(1)(A), as an actual, necessary cost and expense of preserving the estate. *See* 15 *Collier on Bankruptcy,* ¶ 503.04 *at* 503–20 (15th ed.1985).

69 B.R. at 782

The Defendants should file a request with the Court that their claims be allowed as an administrative expense. *See In re Wedemeier,* 237 F.3d 938, 941–42 (8th Cir. 2001) (valuation of landlord's administrative claims for rent should recognize that the majority of the land's economic benefits attached to the growing season).

 In light of the Court's disposition of the § 545 counts, the Court will keep its discussion of the § 544 and § 549 counts brief. Under § 544 of the Bankruptcy Code, the Trustee has the status of a lien creditor as of the date of filing and may avoid the fixing of an unperfected lien. Under § 549 of the Bankruptcy Code, the Trustee is entitled to set aside post-petition transfers. Transfers to creditors with perfected liens do not deplete the Chapter 7 estate and, therefore, are not available under § 549. *In re Al–Ben, Inc.,* 156 B.R. 72 (Bankr.N.D.Ala.1991). Thus, the determinative issue under § 544 and § 549 is whether the landlords had perfected liens on the filing date.

It is undisputed that the Defendants did not file UCC financing statements prior to July 2, 2001, the filing date of the Debtor's bankruptcy. The necessity of such a filing is at issue here.

 The parties agree that the Illinois Commercial Code now requires landowners such as the Defendants to file UCC financing statements in order to perfect their security interests. 810 ILCS 5/9–317. However, this requirement did not become effective until July 1, 2001, and this revision was not retroactive. The Illinois Commercial Code specifically provides that "transactions and liens that were not governed by Article 9 as it existed before the effective date of this amendatory Act... and would be subject to this Act if they had been entered into or created after the effective date... remain valid." 810 ILCS 5/9–702(b)(1). The Illinois statute further provides that a "security interest that is enforceable immediately before the effective date... and would have priority over a lien creditor at the time is a perfected security interest... without further action." 810 ILCS 5/9–703(a). Because Illinois law prior to July, 2001, provided that a landlord's lien was fully perfected when the crops started growing, *First State Bank of Maple Park v. DeKalb Bank,* 175 Ill.App.3d 812, 125 Ill.Dec. 386, 530 N.E.2d 544 (1988), it was not necessary for the landlords to file UCC financing statements in order to maintain their status as creditors with perfected liens. Accordingly, the Trustee may not avoid their liens under § 544 and § 549.

For the foregoing reasons, the Trustee's Motion for Leave to File Additional Counts is allowed, and summary judgment is granted in favor of the Trustee on Counts XXV, XXVI, and XXVII, and against the Trustee on Counts IX, X, XIII, XIV, XV and XVI.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to

Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Trustee's Motion for Leave to File Additional Counts be and is hereby allowed.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of the Trustee and against Robert Powers on Count XXV.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of the Robert Powers and against the Trustee on Counts IX and X.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of the Trustee and against David Estrop on Count XXVI.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of David Estrop and against the Trustee on Count XIII and XIV.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of the Trustee and against Mark Estrop on Count XXVII.

IT IS FURTHER ORDERED that Summary Judgment is granted in favor of Mark Estrop and against the Trustee on Count XV and XVII.

IT IS FURTHER ORDERED that Robert Powers, David Estrop, and Mark Estrop may file a claim for an administrative expenses pursuant to 11 U.S.C. § 503(b) within 30 days of the date of this Order.